UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FIRST CITIZENS BANK AND TRUST COMPANY, INC., Assignee and Successor in Interest to the Federal Deposit Insurance Corporation as Receiver for Georgian Bank, <br><br> Plaintiff, <br><br> v. <br><br> HORTON HOMES, INC. and N.D. HORTON, JR., a/k/a NEVILS D. HORTON, JR. a/k/a N. DUDLEY HORTON, JR., <br><br> Defendants. | CIVIL ACTION <br><br> FILE NO: |

**COMPLAINT TO COLLECT A SUM CERTAIN
MEMORIALIZED IN LOAN DOCUMENTS**

I.  JURISDICTION AND VENUE

1.

Jurisdiction in this court is based upon diversity of citizenship and amount.

28 U.S.C. §1332(a)(1).  *The Hertz Corp. v. Melinda Friend et al.*, 130 S. Ct. 1181

(Feb. 23, 2010), 559 U.S.77. Plaintiff is a corporation incorporated under the laws of the State of South Carolina with its principal place of business in South Carolina. Defendant Horton Homes, Inc. ("Horton Homes") is a corporation incorporated under the laws of the State of Georgia with its principal place of business in Georgia. Defendant N.D. Horton, Jr. a/k/a Nevils D. Horton, Jr. a/k/a N. Dudley Horton, Jr. ("NDH") is a citizen of the State of Georgia. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.

Defendants have consented to venue in this Court. See, Forbearance, p. 7, ¶19. Miscellaneous., (Ex. A); two Promissory Notes, p. 2, CHOICE OF VENUE. (Ex. B, G); Business Loan Agreement, p. 4, Choice of Venue. (Ex. C); Commercial Guaranty, p. 2, Choice of Venue. (Ex. D); Commercial Security Agreement; p. 4, Choice of Venue. (Ex. E). Moreover, the Loan Documents which are the subject matter of Plaintiff's Complaint were and are to be performed (paid) in this District. Defendants are jointly and severally liable to Plaintiff and are necessary parties to this action.

## II. INTRODUCTION

3.

Plaintiff brings this action against Defendants, jointly and severally, to collect a liquidated debt based on O.C.G.A. § 18-2-1, *et seq.*, and memorialized in documents, copies of which are attached as the following exhibits:

(a) Forbearance and Modification Agreement, dated October 25, 2010 ("Forbearance"). . . . . . . . . Exhibit A

(b) Promissory Note executed by Horton Homes, Inc., dated October 25, 2010. . . . . . . . . . . . . . . . . . Exhibit B

(c) Business Loan Agreement, dated October 25, 2010. . . . . . . . . . . . . . . . . . . . . . . Exhibit C

(d) Commercial Guaranty of N.D. Horton, Jr., dated October 25, 2010. . . . . . . . . . . . . . . . . . . . . . . Exhibit D

(e) Commercial Security Agreement, dated October 25, 2010. . . . . . . . . . . . . . . . . . . . . . . Exhibit E

(f) Statement of Account, dated August 13, 2014, describing the amounts currently due under the note executed by Defendant Horton Homes, Inc.. . . Exhibit F

(g) Promissory Note executed by N.D. Horton, Jr., dated October 25, 2010.. . . . . . . . . . . . . . . . . . . . . Exhibit G

(h) Statement of Account, dated August 13, 2014,
describing the amounts currently due under the
note executed by Defendant N.D. Horton, Jr... . . . . Exhibit H

(i) UCC Financing Statement
and Continuation Statement. . . . . . . . . . . . . . . . . . Exhibit I

(j) Deed to Secure Debt and Security Agreement,
dated September 15, 2011("DSD"). . . . . . . . . . . . . Exhibit J

[The above documents are referred to collectively as the "Loan Documents."]

### III.  PARTIES

4.

The following is a list of the Parties:

(a) Plaintiff First Citizens Bank and Trust Company Bank, assignee and successor in interest to the Federal Deposit Insurance Corporation as Receiver for Georgian Bank is a domestic banking corporation of the State of South Carolina with its principal office at 1230 Main Street, Columbia, South Carolina  29201.

(b) Defendant Horton Homes is a Georgia corporation with its principal office and place of doing business located at Post Office Box 4410, Eatonton, Putnam County, Georgia 31024.   Horton Homes may be served by serving its

agent for service of process, Steve M. Sinclair, at 557 Milledgeville Road, Eatonton, Putnam County, Georgia 31024.

(c)     Defendant NDH is a citizen the State of Georgia and may be served with process at 257 Rose Creek Road, S.W., Eatonton, Putnam County, Georgia 31024.

## IV.   FACTUAL ALLEGATIONS

5.

On September 15, 2011, Defendants each executed the Forbearance (Ex. A) in favor of Plaintiff.   Pursuant to the terms of the Forbearance, the forbearance period terminated on September 30, 2012.

6.

The Forbearance was secured by the DSD, dated September 15, 2011, which was recorded in Deed Book 1032, Page 3-17, in the Clerk's office, Greene County, Georgia, Superior Court (Ex. J).

7.

Defendants have failed to make timely payment as required by the Forbearance.   Accordingly, Defendants have defaulted under the terms of the

Forbearance. Because Defendants have defaulted, Defendants owe Plaintiff the 16% default rate of interest.

8.

Defendants Horton Homes and NDH, jointly and severally, owe Plaintiff on a Promissory Note (Ex. B), Business Loan Agreement (Ex. C) and Commercial Guaranty (Ex. D) the sums of:

(a) $3,754,496.92 principal;

(b) $335,864.52 interest as of August 22, 2014, plus continuing interest at the default rate until the date of judgment on the principal sum from August 22, 2014, at the annual rate of 16% or $1,668.67per day;

(c) $11,763.12 late charges;

(d) $210,764.74 loan expenses;

(e) $32,283.84 reimbursable expenses; and

(f) attorneys' fees pursuant to O.C.G.A. § 13-1-11 (after the expiration of ten (10) days from receipt of Plaintiff's notice to collect attorneys' fees (Ex. K), or service of this Complaint,

whichever is sooner).

A true copy of Plaintiff's Statement of Account showing the amount of Defendants' debt owing to Plaintiff on the Forbearance is attached as Exhibit F.

9.

Defendant NDH owes Plaintiff on a Promissory Note (Ex. G) the sums of:

(a)   $868,849.56 principal;

(b)   $81,336.84 interest as of August 22, 2014, plus continuing interest at the default rate until the date of judgment on the principal sum from August 22, 2014, at the annual rate of 16% or $386.16 per day;

(c)   $6,041.60 late charges;

(d)   $60,889.57 loan expenses;

(e)   $99.00 reimbursable expense; and

(f)   attorneys' fees pursuant to O.C.G.A. § 13-1-11 (after the expiration of ten (10) days from receipt of Plaintiff's notice to collect attorneys' fees (Ex. K), or service of this Complaint, whichever is sooner).

A true copy of Plaintiff's Statement of Account showing the amount of said Defendant's debt owing to Plaintiff on the Forbearance is attached as Exhibit H.

10.

According to the terms of the Forbearance, the two (2) Defendants promised to pay Plaintiff all principal, interest, and costs of collection, including reasonable attorneys' fees of ten percent (10%) of the unpaid principal and interest, should Plaintiff utilize an attorney to collect an amount due under the Forbearance.

11.

Plaintiff's demand letter (Ex. K) has provided notice to Defendants, jointly and severally, of their obligation to pay attorneys' fees under O.C.G.A. § 13-1-11. By service of this Complaint on Defendants, Plaintiff again notifies Defendants that the provisions of O.C.G.A. § 13-1-11 relative to payment of attorney's fees in addition to principal and interest, shall be enforced, and Defendants have ten (10) days from receipt of Plaintiff's demand letter or the date of service of this Complaint (whichever comes first) to pay the principal and interest without attorneys' fees.

12.

Interest is calculated by multiplying the principal balance outstanding by 1/360th of the applicable interest rate and adding together the daily interest amounts.

## V.  FORECLOSURE OF PERSONAL PROPERTY

13.

Plaintiff further shows this Court that Plaintiff has filed or will file shortly a personal property foreclosure pursuant to O.C.G.A. §§44-14-230 *et seq.,* in the State Court of Cobb County, to foreclose on Plaintiff's perfected security interest against Defendants, jointly and severally.  Copies of the Commercial Security Agreement (Ex. E) and UCC Financing Statement and Continuation Statement (Ex. I) are attached hereto.  Any sale of the Collateral (described in the UCC Financing Statement - the "Collateral") will be conducted in a commercially reasonable manner either by Plaintiff or the Sheriff of Putnam County.

14.

Any and all Proceeds realized from the sale of the said Collateral will be credited to the amount of Defendants' debt to Plaintiff according to Georgia law,

after deducting reasonable expenses of the sale (the "Proceeds").  The Proceeds will be credited to the amount of Defendants' indebtedness whether recovered before after judgment is rendered in the instant action.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

**Against Defendants Horton Homes, Inc. and N.D. Horton, Jr. a/k/a Nevils D. Horton, Jr. a/k/a N. Dudley Horton, Jr. , jointly and severally**:

(a) $3,754,496.92 principal;

(b) $335,864.52 pre-judgment interest as of August 22, 2014;

(c) Continuing interest at the rate of 16% *per annum* (or, $1,668.67 *per diem*) until the dated of judgment;

(d) Post-judgment interest at the legal rate;

(e) $409,036.14 after the expiration of ten (10) days from receipt of the notice sent by Plaintiff (Ex. E);

(f) $11,763.12 late charges;

(g) $210,764.74 loan expenses;

(h) $32,283.84 reimbursable expenses; and

(i) All court costs.

**Against Defendant N.D. Horton, Jr. a/k/a Nevils D. Horton, Jr. a/k/a N. Dudley Horton, Jr.:**

(a) $868,849.56 principal;

(b) $81,336.84 pre-judgment interest as of August 22, 2014;

(c) Continuing interest at the rate of 16% *per annum* (or, $386.16 *per diem*) until the dated of judgment;

(d) Post-judgment interest at the legal rate;

(e) $95,018.64 after the expiration of ten (10) days from receipt of the notice sent by Plaintiff (Ex. E);

(f) $6,041.60 late charges;

(g) $60,889.57 loan expenses;

(h) $99.00 reimbursable expenses; and

(i) All court costs.

This 25th day of August, 2014.

STOKES LAZARUS & CARMICHAEL LLP

By:  /s/ Marion B. Stokes
Marion B .Stokes
Georgia Bar No. 110600
Attorneys for Plaintiff

80 Peachtree Park Drive, N.E.
Atlanta, Georgia 30309-1320
Ph: (404) 352-1465 Ext. 35
Fax: (404) 352-8463
SLC File No. 14-01175
mbs@slclaw.com

# CERTIFICATION

The undersigned certifies that this Complaint has been prepared in Times New Roman 14.5-point font in compliance with Local Rule 5.1(B).

This 25th day of August, 2014.

                            STOKES LAZARUS & CARMICHAEL LLP

                        By: ___/s/ Marion B. Stokes_____

80 Peachtree Park Drive, N.E.      Marion B .Stokes
Atlanta, Georgia 30309-1320       Georgia Bar No. 110600
Ph: (404) 352-1465 Ext. 35         Attorneys for Plaintiff
Fax:  (404) 352-8463
SLC File No. 14-01175
mbs@slclaw.com