IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIRST CITIZENS BANK & TRUST COMPANY, INC., *Assignee and Successor in Interest to the Federal Deposit Insurance Corporation as receiver for* Georgian Bank,

    Plaintiff,

v.

HORTON HOMES, INC., *et al.*,

    Defendants.

CIVIL ACTION NO.

1:14-cv-02751-RGV

## ORDER AND FINAL MONEY JUDGMENT

On June 10, 2015, this Court entered an Order, [Doc. 36], denying defendants' motion to dismiss for improper venue, [Doc. 8], and granting plaintiff's motion for summary judgment, [Doc. 25], with an exception as to discrepancies in the amounts of statutory attorneys' fees pursuant to O.C.G.A. § 13-1-11.

Plaintiff having consented that total statutory attorneys' fees under O.C.G.A. § 13-1-11(a)(2) be ten percent (10%) on the Forbearance Agreement, [Doc. 37-1 at 2; Doc. 25-1 at 6–7 ¶¶ 7–8, 7–9 ¶ 10, 14 ¶ 23; Doc. 25-3 at 9 ¶ 16(f), 10 ¶ 17(f), 14 ¶ 23(a)(6), 15 ¶ 23(b)(6); Doc. 25-4 (Stokes Aff.); Doc. 37-1 at 2 ¶ 1], it is **ORDERED** that the attorneys' fees shall be ten percent (10%) of the total principal and interest owing on the Forbearance Agreement as of the date of judgment (June 10, 2015).

It is further **ORDERED** that plaintiff recover of defendants Horton Homes, Inc., N.D. Horton, Jr. a/k/a Nevils D. Horton, Jr. a/k/a N. Dudley Horton, Jr., and N.D. Horton, Jr., Trustee of N.D. Horton, Jr. Revocable Trust, jointly and severally, a final money judgment per the Forbearance Agreement and underlying loan agreements ("Loan #1100" or "Horton Homes Loan"), [Doc. 25-1 at 6 ¶ 7; Doc. 25-3 at 9 ¶ 16, 14 ¶ 23(a), 48–53, 83–84, 86; Doc. 30 at 5–6 ¶ 10], in the following sums:

(a) $3,754,496.92 principal;

(b) $554,460.29 interest as of December 31, 2014, plus continuing interest at the annual default rate of 16% per p. 3, ¶ 2 of the Forbearance Agreement (or $1,668.67 per day) on the principal sum from December 31, 2014, until the date of judgment ($1,668.67 from December 31, 2014, until June 10, 2015, 161 days, or a total of $268,655.87) [total interest through date of judgment is $823,116.16];

(c) Post-judgment interest pursuant to 28 U.S.C.A. § 1961;

(d) Late charges in the amount of $11,763.12;

(e) Loan expenses in the amount of $210,764.74;

(f) Reimbursable expenses in the amount of $33,800.84;

(g) Attorneys' fees in the amount of $457,761.31 ($3,754,496.92 principal, plus $823,116.16 interest as of June 10, 2015, for a total of $4,577,613.08, times 10%, equals a total of $457,761.31 attorneys' fees); and

(h) Court costs.

It is further **ORDERED** that plaintiff recover of defendants N.D. Horton, Jr. a/k/a Nevils D. Horton, Jr. a/k/a N. Dudley Horton, Jr. and N.D. Horton, Jr., Trustee of N.D. Horton, Jr. Revocable Trust, individually, jointly and severally, a final money judgment on the Forbearance Agreement and related loan documents ("Loan #4700" or "Horton Loan"), [Doc. 25-1 at 6–7 ¶ 8; Doc. 25-3 at 10 ¶ 17, 15 ¶ 23(b), 48–53, 83–84, 86; Doc. 30 at 6–7 ¶ 11], in the following sums:

(a) $868,849.56 principal;

(b) $131,923.80 interest as of December 31, 2014, plus continuing interest at the annual default rate of 16% per p. 3, ¶ 2 of the Forbearance Agreement on the principal sum from December 31, 2014, until the date of judgment (16% interest from December 31, 2014, until June 10, 2015) [total interest through date of judgment is $193,243.16][1];

---

[1] Plaintiff proposes that the total interest due on the Horton Loan is $194,095.56. [Doc. 37 at 4 ¶ (b)]. The Forbearance Agreement provides that "the interest calculations . . . [for the two underlying loans] use the contract rate of interest set forth on each of the promissory notes evidencing the loans." [Doc. 25-3 at 19]. The promissory note evidencing the Horton Loan, [id. at 55–56], sets forth an annual default interest rate of 16%, [id. at 55], to be calculated on a "365/365 simple interest basis," that is, "by applying the ratio of the interest rate over the number of days in a year, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding," [id.]. Under this method, the total interest due on the Horton Loan as of the date of judgment is $193,243.16: (1) {(16% ÷ 365) × ($868,849.56)} × 161 = $61,319.36 (interest accrued from 12/31/2014 until date of judgment); (2) $61,319.36 + $131,923.80 (preexisting

(c) Post-judgment interest pursuant to 28 U.S.C.A. § 1961;

(d) Late charges in the amount of $6,041.60;

(e) Loan expenses in the amount of $60,889.57;

(f) Reimbursable expenses in the amount of $99.00;

(g) Attorneys' fees in the amount of $106,209.27 ($868,849.56 principal, plus $193,243.16 interest as of June 10, 2015, for a total of $1,062,092.72, times 10%, equals a total of $106,209.27 attorneys' fees)[2]; and

(h) Court costs.

It is further **ORDERED**, **ADJUDGED**, and **DECREED** that this judgment against the defendants is final and that execution shall issue.

**IT IS SO ORDERED**, this 30th day of June, 2015.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

interest as of 12/31/2014) = $193,243.16.  In concluding that the total interest due on the Horton Loan is $194,095.56, plaintiff appears to have used the method prescribed in the Horton Homes Loan, where interest is computed according to "365/360 basis[.]"  See [Doc. 25-3 at 29].

[2] Plaintiff proposes that the total amount of attorneys' fees owed on the Horton Loan is $106,294.51.  [Doc. 37 at 4 ¶ (g)].  However, based on the correct interest calculation for the Horton Loan, the total amount of attorney's fees is $106,209.27, or 10% of the sum of $868,849.56 and $193,243.16.  See [Doc. 37-1 at 2 ¶ 1 (attorneys' fees are 10% of the principal and interest due)].