UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FIRST CITIZENS BANK AND TRUST COMPANY, INC., Assignee and Successor in Interest to the Federal Deposit Insurance Corporation as Receiver for Georgian Bank, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO: |
| v. | ) ) | 1:14-cv-02751-RWS-RGV |
| HORTON HOMES, INC., | ) ) | |
| N.D. HORTON, JR., a/k/a NEVILS D. HORTON, JR. a/k/a N. DUDLEY HORTON, JR., | ) ) ) ) | |
| N.D. HORTON, JR., Trustee of N.D. HORTON, JR. REVOCABLE TRUST, | ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| 1.  HORTON HOMES, INC., | ) ) | |
| 2.  N.D. HORTON, JR., a/k/a NEVILS D. HORTON, JR. a/k/a N. DUDLEY HORTON, JR., | ) ) ) ) | |
| 3.  N.D. HORTON, JR., Trustee of N.D. HORTON, JR. REVOCABLE TRUST, | ) ) | |

4.  21ST MORTGAGE CORPORATION          )
(DISMISSED),                                     )
                                                 )
5.  LEGACY HOUSING, LP                           )
                                                 )
6.  LITTLE RIVER METAL                           )
RECYCLING, LLC (DISMISSED),                      )
                                                 )
7.  LUMBERMEN'S UNDERWRITING                     )
ALLIANCE,                                        )
                                                 )
        Respondents.                             )
_____)

## MOTION TO DISBURSE PROCEEDS

COMES NOW Plaintiff, First Citizens Bank and Trust Company, Inc., assignee and successor in interest to the Federal Deposit Insurance Corporation as Receiver for Georgian Bank ("FCB" or "Plaintiff"), by and through its undersigned attorneys, and files this Motion pursuant to Fed. R. Civ. P. 69 and Ga. R. USDCTND LR 67.1(D) for an order disbursing the $315,013.26 (receipt #GAN100082368) deposited into the registry this Court pursuant to this Court's Order dated March 31, 2016 [Doc. 92], and shows this Court the following:

## I.  Facts

1.

Plaintiff holds a Judgment [Doc. 38] against Defendants Horton Homes, Inc. ("H. Homes"), N.D. Horton, Jr. ("Horton"), and N.D. Horton, Jr., trustee of the N.D. Horton, Jr. Revocable Trust (the "Horton Trust") (collectively, the "Horton Defendants"), jointly and severally.  The current balance is as follows:

| | Against: | Itemized Amounts | |
|---|---|---|---|
| **Count 1** | H. Homes, Horton, and the Horton Trust, jointly and severally. | $3,754,496.92 | Principal, |
| | | $   823,116.16 | Pre-Judgment Interest, |
| | | $       8,497.62 | Post-Judgment Interest,[1] |
| | | $     11,763.12 | Late Charges, |
| | | $   210,764.74 | Loan Expenses, |
| | | $     33,800.84 | Reimbursable Expenses, |
| | | $   457,761.31 | Attorneys' Fees, |
| | | $       2,400.00 | Court Costs to Date, |
| | | $            42.00 | Court Costs to Cancel WOE, |
| | | $5,302,642.71 | Total, |
| | | $   259,770.28 | (Less: Collections), |
| | | $5,042,872.43 | TOTAL DUE |

---

[1]  Interest on Count 1 from the date of the MSJ Order accrues at the rate of 0.27% per annum on the principal amount. The per diem rate is $27.77.

|  | Against: | Itemized Amounts |
|---|---|---|
| **Count 2** | Horton and the Horton Trust, jointly and severally. | $     868,849.56   Principal,<br>$     193,243.16   Pre-Judgment Interest,<br>$         1,967.58   Post-Judgment Interest,[2]<br>$         6,041.60   Late Charges,<br>$       60,889.57   Loan Expenses,<br>$              99.00   Reimbursable Expenses,<br>$     106,209.27   Attorneys' Fees,<br>$1,237,299.74   Total,<br>$                0.00   (Less: Collections),<br>$1,237,299.74   TOTAL DUE |

2.

Plaintiff holds a perfected security interest in: "All of the assets and personal property of Defendant Horton Homes, Inc." See UCC-1 and Security Agreement[3] which itemize the collateral:

> All accounts and contract rights of undersigned, whether now or hereafter existing or acquired and all chattel paper and instruments, whether now or hereafter existing or acquired, evidencing any obligation to undersigned for payment of goods sold or leased or services rendered (hereafter collectively called "accounts"): all inventory and equipment of undersigned of every description, whether now or hereafter existing or acquired and all interest of the undersigned in any goods the sale or lease of which

---

[2] Interest from the date of the MSJ Order accrues at the rate of 0.27% per annum on the principal amount. The per diem rate is $6.43.

[3] See Plaintiff's Motion for Injunction, Foreclosure on Personal Property and/or Fixtures and Emergency Relief [Doc. 63] ("M/Inj"), Ex. 1-2.

shall have given or shall give rise to any of the Accounts hereafter collectively called "Inventory"); and all products and proceeds of any of the foregoing. All general intangibles including, but not limited to tax refunds, applications for patents, patents, copyrights, trademarks, trade secrets, good will, trade names, customer lists, permits and franchises, and the right to use my name.

In addition, the word "Collateral" also includes all the following, whether now owned or hereafter acquired, whether now existing or hereafter arising, and wherever located:

(A) All accessions, attachments, accessories, tools, parts, supplies, replacements of and additions to any of the collateral described herein, whether added now or later.

(B) All products and produce of any of the property described in this Collateral section.

(C) All accounts, general intangibles, instruments, rents, monies, payments, and all other rights, arising out of a sale, lease, consignment or other disposition of any of the property described in this Collateral section.

(D) All **PROCEEDS (including insurance proceeds)** from the sale, destruction, loss, or other disposition of any of the property described in this Collateral section, and sums due from a third party who has damaged or destroyed the Collateral or from that party's insurer, whether due to judgment, settlement or other process.

(E) All records and data relating to any of the property described in this Collateral section, whether in the form of a writing, photograph, microfilm, microfiche, or electronic media, together with all of Grantor's right, title, and interest in and to all computer software required to utilize, create, maintain, and process any such records or data on electronic media. **[Emphasis supplied.]**

-5-

3.

Plaintiff's Security Agreement, UCC-1, and Writ of Execution[4] give Plaintiff a first-priority entitlement to any proceeds generated from sale of the above collateral. See Order issued by Judge Alison T. Burleson, dated February 16, 2010, and the Proposed Joint Consent Order and Joint Stipulation of Facts dated February 10, 2016, in <u>Pamela Lancaster, In Her Capacity as the Tax Commissioner of Putnam County and as Ex-Officio Sheriff of Putnam County v. Five Tracts of Land Lying and Being in Land Lot 121, District 3, Putnam County, Georgia [], Horton Homes, Inc., et al.,</u> Superior Court of Putnam County, being Case No. 2015-CV-104) (the "Tax Sale") (collectively, the "Putnam County Orders") (Ex. 1, copy attached).

4.

On March 31, 2016, this Court approved and executed a Consent Order of Horton Defendants and Horton Respondents and Plaintiff [Doc. 92] ("Sale C/O"), which approved and directed that a sale of certain personalty and realty be held on March 31, 2016 and April 1, 2016.  The Sale C/O was signed and consented to by:

    a.    N. D. Horton, Jr. individually;
    b.    N. D. Horton, Jr. as officer of Horton Homes, Inc.;
    c.    N. D. Horton, Jr. as trustee of the N. D. Horton, Jr. Revocable Trust;

---

[4] See M/Inj, Ex. 3.

d.   N. D. Horton, Jr. as authorized officer and managing member of Horton Ironworks, LLC ("Iron Works");

e.   N. D. Horton, Jr. as authorized officer and agent of The Putnam Group, LLC ("Putnam Group");

f.   Douglas Lee Price, attorney for N. D. Horton, Jr. individually, Horton Homes, Inc., and the N. D. Horton, Jr. Revocable Trust (the "Horton Defendants");

g.   Ben Hudson, Jr., on behalf of Hudson and Marshall, Inc ("H&M"); and,

h.   Plaintiff.

5.

The Sale C/O, ¶ 3, provides:

The Horton Defendants, acting **through the instrumentalities of Defendant Horton, and Horton Iron Works, LLC and The Putnam Group, LLC, have authorized the sale of certain personalty and realty** set forth below.  Said personalty and realty is to be sold by auction conducted by Hudson and Marshall, Inc., 10761 Estes Rd, Macon, Georgia  31210 ("Auctioneer") on March 31 and April 1, 2016:

a.   Equipment, inventory, personalty and other items ("Personalty") currently located at 175 Industrial Boulevard, Eatonton, Putnam County, Georgia 31024, or at 904 Oak Street, Eatonton, Putnam County, Georgia 31024 or at any other location; and,

b.   Certain real estate located at 902 Oak Street, Eatonton, Putnam County, Georgia  31024, n/k/a 904 Oak Street, Eatonton, Putnam County, Georgia 31024 ("Oak Street Realty"). **[Emphasis supplied.]**

6.

On March 31 and April 1, 2016, pursuant to the Sale C/O, H&M auctioned and

sold the personality ("Personalty") and deducted from the sale proceeds its commission.

7.

The Oak Street Realty was withdrawn from the sale by Defendant Horton individually.

8.

On April 13, 2016, pursuant to the Sale C/O, the Clerk of the United States District Court of the Northern District of Georgia deposited the check in the amount of $315,013.26 in sale proceeds into the registry of this Court (receipt #GAN100082368) ("Proceeds").

9.

On November 3, 2015, Helen Ruth Horton (the wife of Defendant Horton, CEO and President of H. Homes) and Steve M. Sinclair (Registered Agent of H. Homes) ordered employees of Iron Works and Horton Components to move certain personalty matching the description of the Personalty from the former premises of Defendant H. Homes (101 Industrial Boulevard, Eatonton, Georgia 31024) to "Weeks Supply" (186 Industrial Boulevard, Eatonton, Georgia 31024) and Horton Components. See

Affidavit of Wayne Allen Bales and Howard Dale Sneed, dated March 7, 2016;[5]

Deposition of N.D. Horton, Jr., dated April 15, 2016, pp. 30-38.[6]

10.

a.     H&M auctioned and sold said Personalty which was removed from H.

Homes and delivered to 175 and 186 Industrial Boulevard, Eatonton,

Georgia 31024; and,

b.     The Oak Street Realty (902 fka 904 Oak Street, Eatonton, Georgia

31024) was removed from sale by Horton.

See Auction Contract, executed by N.D Horton, Jr., dated February 25, 2016, Exhibit

B and Auction Brochure (copies attached to the Affidavit of Marion B. Stokes);[7]

Putnam County Tax Assessor Map and Pages for 175 and 186 Industrial Boulevard;[8]

and Title Report prepared for Plaintiff by Kap Title, Inc., dated March 11, 2016

(which shows that "902" Oak Street is in fact 904 Oak Street and is owned by

Defendant Horton).  See Affidavit of Charles J. Kap of Kap Title, Inc.[9]

11.

Defendant H. Homes owns the real estate at 175 Industrial Boulevard and 186

Industrial Boulevard. See Affidavit of N.D. Horton Jr., dated January 18, 2016, Ex.

_____

[5, 6, 7, 8, 9]  Contemporaneously filed with this Motion.

L.[10]

12.

Iron Works' business is located at 175 Industrial Boulevard. See Auction Brochure; Website Screenshot of Iron Works' Website[11] (Ex. 2, copy attached).

13.

Defendant H. Homes owns Iron Works.  Deposition of N.D. Horton, Jr., dated September 16, 2015, p. 135, lines 11-12.[12]

14.

"Weeks Supply" is located at 186 Industrial Boulevard.

15.

Defendant Horton owns 902 Oak Street. See Title Report prepared for Plaintiff by Kap Title, Inc., dated March 11, 2016.

16.

The Putnam Group's premises are located at 902 Oak Street.[13]

---

[10, 12]   Contemporaneously filed with this Motion

[11]   http://www.hortonironworks.com/directions.php, accessed on April 29, 2016.

[13]   See US DOT "Company Snapshot" for the Putnam Group (Ex.3). http://safer.fmcsa.dot.gov/query.asp?query_type=queryCarrierSnapshot&query_pa

17.

According to Horton, The "Putnam Corp." owns the Putnam Group. The N.D. Horton, Jr. Exempt Trust ("NDH Exempt Trust") and the Maude Horton Hicks, Exempt Trust ("MHH Exempt Trust") each own 50% of the Putnam Corp. See Deposition of N.D. Horton, Jr., dated April 15, 2016, pp. 15-17.[14]

18.

Defendant Horton is the beneficiary of the NDH Exempt Trust. His sister, Maude Horton Hicks, is the beneficiary of the MHH Exempt Trust. Ms. Hicks's son and Mr. Horton's nephew, Russ W. Hicks, Jr., is the trustee of both trusts. Affidavit of N.D. Horton, Jr., dated January 18, 2016, p. 70.[15]

19.

Plaintiff has filed a Motion to Compel [Doc. 48] and a Renewed Motion to Compel [Doc. 95] because Defendants continue to refuse and fail to comply with Plaintiff's discovery requests for all documents and information on all personalty (including the auctioned Personalty) owned by the Defendants and their related trusts/affiliates/subsidiaries/parents. Said discovery includes requests for ownership

ram=USDOT&query_string=944918, accessed on April 29, 2016

[14, 15] Contemporaneously filed with this Motion.

-11-

records.

20.

On the date of filing this Motion, the Horton Defendants continue to fail and refuse to produce the said documents and information.

21.

It appears to Plaintiff that the Internal Revenue Service may have a claim in the amount of $85,695.12.  By serving a copy of this Motion on Aimee J. Hall, Assistant United States Attorney, Middle District of Georgia, Plaintiff demand strict proof of said claim.  Plaintiff submits that Plaintiff's claim is superior to the claim of the Internal Revenue Service.  See Putnam County Orders, Ex. 1.

## II.  Issue

22.

Plaintiff submits that it is entitled to the proceeds of the sale, or $315,013.26.

## III.  Argument and Citation of Authority

23.

Blacks Law Dictionary defines "instrumentality rule" as follows:

Under this rule, corporate existence will be disregarded where a corporation (subsidiary) is so organized and controlled and its affairs so conducted as to make it only an adjunct and instrumentality of another

-12-

corporation (parent corporation), and parent corporation will be responsible for the obligations of its subsidiary. Taylor v. Standard Gas & Electric Co., C.C.A.Okl., 96 F.2d 693, 704.

The so-called "instrumentality" or "alter ego" rule states that when a corporation is so dominated by another corporation that the subservient corporation becomes a mere instrument and is really indistinct from controlling corporation, then the corporate veil of dominated corporation will be disregarded, if to retain its results in injustice. National Bond Finance Co. v. General Motors Corp., D.C.Mo., 238 F.Supp. 248, 255.

Blacks Law Dictionary 720 (5th ed. 1974).

24.

The Oxford English Dictionary (O.E.D.) defines "instrumentality" as follows:

1.      The quality or condition of being instrumental; the fact or function of

serving or being used for the accomplishment of some purpose or end;

**agency**.

2.      With *pl.* that which serves or is employed for some purpose or end; a

means, an agency.  **[Emphasis supplied]**.

See The Oxford English Dictionary VII 1052 (2d ed. 1989), also available at

www.oed.com.

25.

In short, Iron Works and Putnam Group and the Horton Defendants are mere

instrumentalities of Horton Homes, Inc.  Whether an entity is an instrumentality is a factor under the alter-ego doctrine.  "To establish the alter ego doctrine, it must be shown that the stockholders' disregard of the corporate entity made it a mere instrumentality for the transaction of their own affairs; that there is such unity of interest in ownership that the separate personalities of the corporation and the owner no longer exist; and to adhere to the doctrine of corporate entity would promote injustice or protect fraud."  Trans-Am. Commc'ns, Inc. v. Nolle, 134 Ga. App. 457, 460, 214 S.E.2d 717, 719 (1975);  Graham v. Palmtop Properties, Inc., 284 Ga. App. 730, 734, 645 S.E.2d 343, 346 (2007);  BP Products N. Am., Inc. v. Se. Energy Grp., Inc., 282 Fed. Appx. 776, 778 (11th Cir. 2008), citing  Baillie Lumber Co. v. Thompson, 279 Ga. 288, 612 S.E.2d 296, 299 (2005).

### 26.

"One theory used by Georgia courts to pierce the corporate veil under this standard is that the corporate entity is the alter ego or business conduit of its owner, and should therefore be disregarded.  To establish that a corporation is an alter ego, a party must show that the shareholders' disregard of the corporate entity and made it a mere instrumentality for the transaction of their own affairs, that the corporation and its owners have such unity of interest in ownership that they lack separate

personalities, and that to observe the corporate form would work an injustice or promote fraud." United States v. Fid. Capital Corp., 920 F.2d 827, 837 (11th Cir. 1991) (citations omitted).

27.

"If a party has evidence in such party's power and within such party's reach by which he or she may repel a claim or charge against him or her but omits to produce it or if such party has more certain and satisfactory evidence in his or her power but relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim against such party is well founded; but this presumption may be rebutted." O.C.G.A. § 24-14-22. Here, Horton has failed and refused to prove that any entity other than the entity in possession (H. Homes) owns the Personalty and Proceeds.

**IV.  Plaintiff is Entitled to the $315,013.26 in Proceeds Generated from Sale of Personalty owned by Horton Homes, Inc.**

28.

The Horton Defendants (which includes Defendant H. Homes), "acting through the instrumentalities of Defendant Horton, and Horton Ironworks, LLC, and The Putnam Group, LLC," authorized H&M to auction and sell the Personalty. As

"instrumentalities" or agents (per the OED) of Defendant H. Homes, Iron Works and the Putnam Group (the "Instrumentalities") authorized H&M to auction and sell Personalty owned by Defendant H. Homes. In spite of Plaintiff's repeated discovery demands and motions, Defendants have failed to produce any documents demonstrating that the Instrumentalities or anyone else owned the Personalty.  Thus, the presumption is that the Instrumentalities never owned the Personalty.  O.C.G.A. § 24-14-22.

29.

The Horton Defendants have admitted that they are the alter-egos or business conduits for Defendant H. Homes.  See Graham 284 Ga. App. at 734; Fid. Capital Corp 920 F.2d at 837. Nolle, 134 Ga. App. 457 (modification to original);  Fid. Capital Corp 920 F.2d at 837.

30.

The Horton Defendants maintained effective, if not actual, ownership and control of the Personalty:

a. Some, if not all, of the Personalty was located at Defendant H. Homes former premises before the Horton Defendants moved the Personalty to real estate owned by Defendant H. Homes;

b. H&M auctioned and sold the Personalty at real estate owned by Defendants Horton and H. Homes;

c. Defendant H. Homes owns Iron Works, which is one of the Instrumentalities of Defendants;

d. The Putnam Group is ultimately owned by trusts in which Defendant Horton and his family members are either beneficiaries or trustees; and,

e. The Horton Defendants have presented no documentation proving that Iron Works and the Putnam Group ever owned the Personalty.

Accordingly, since Plaintiff has a first-priority claim to the Personalty and Plaintiff is entitled to the $315,013.26 generated from sale of the Personalty on deposit in the registry of the Clerk of Court.

WHEREFORE, Plaintiff respectfully requests this Court:

1.   Find that, before the auction sale, Defendant H. Homes owned the Personalty subject to Plaintiff's Writ of Execution and Perfected Security Interest;

2.   Find that Iron Works and the Putnam Group never owned the Personalty and are not entitled to any of the Proceeds;

3.   Find that Plaintiff holds a first-priority interest in the Proceeds; and,

4.      Direct that the Clerk of the United States District Court of Northern District of Georgia disburse and remit to Plaintiff the Proceeds on deposit in the registry of the court in the principal amount of $315,013.26 plus all accrued interest, minus any statutory user's fees, and mail or deliver the check to the office of Plaintiff's attorneys at 80 Peachtree Park Drive NE, Atlanta, Georgia 30309.

This 2nd day of May, 2016.

STOKES CARMICHAEL & ERNST LLP

| | |
|---|---|
| 80 Peachtree Park Drive, NE | By:   */s/ Marion B. Stokes* |
| Atlanta, GA 30309-1320 | Marion B. Stokes |
| Tel:  (404) 352-1465 | Georgia Bar No. 683500 |
| Fax:  (404) 352-8463 | Jordan S. Chrietzberg |
| SCE No. 14-01175 | Georgia Bar No. 243942 |
| mbs@scelaw.com | Attorneys for Plaintiff |
| jsc@scelaw.com | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FIRST CITIZENS BANK AND TRUST COMPANY, INC., Assignee and Successor in Interest to the Federal Deposit Insurance Corporation as Receiver for Georgian Bank, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO: |
| v. | ) ) | 1:14-cv-02751-RWS-RGV |
| HORTON HOMES, INC., | ) ) | |
| N.D. HORTON, JR., a/k/a NEVILS D. HORTON, JR. a/k/a N. DUDLEY HORTON, JR., | ) ) ) ) | |
| N.D. HORTON, JR., Trustee of N.D. HORTON, JR. REVOCABLE TRUST, | ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| 1. HORTON HOMES, INC., | ) ) | |
| 2. N.D. HORTON, JR., a/k/a NEVILS D. HORTON, JR. a/k/a N. DUDLEY HORTON, JR., | ) ) ) ) | |
| 3. N.D. HORTON, JR., Trustee of N.D. HORTON, JR. REVOCABLE TRUST, | ) ) | |

| | |
|---|---|
| 4.  21ST MORTGAGE CORPORATION (DISMISSED), | ) ) ) |
| 5.  LEGACY HOUSING, LP | ) ) |
| 6.  LITTLE RIVER METAL RECYCLING, LLC (DISMISSED), | ) ) ) |
| 7.  LUMBERMEN'S UNDERWRITING ALLIANCE, | ) ) ) |
| Respondents. | ) ) |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed the foregoing Motion to Disburse Proceeds, along with this Certificate, using the CM/ECF electronic filing system and that I have sent via electronic mail (or via Federal Express as indicted below) copies of the documents to the following non-CM/ECF participants:

-20-

Douglas Lee Price Esq.
Office of Douglas Lee Price
Suite B-1
115 Sycamore Drive
Athens, GA 30606
dougandtyma@gmail.com
bhc@pricelaw.biz

*Attorney for Defendants Horton
Homes, Inc. and N.D. Horton, Jr.,
individually and as Trustee of the N.D.
Horton, Jr. Revocable Trust*

Jennifer B. Grippa, Esq.
Miller & Martin PLLC - ATL
Suite 2100
1180 West Peachtree Street, N.W.
Atlanta, GA 30309-3407
jennifer.grippa@millermartin.com
j.grippa@millermartin.com

*Attorney for Lumbermen's*

Aimee J. Hall, Esq.
Assistant United States Attorney
Middle District of Georgia
300 Mulberry Street, Suite 400
Macon, Georgia 31202-1702
Aimee.Hall@usdoj.gov
and via Federal Express

*Attorney for Internal Revenue Service*

Adam Lindsay Hebbard, Esq.
The Law Office of Adam L. Hebbard
P.O. Box 89
320 E. Clayton St., Ste 407
Athens, GA 30603
706-549-9010
Fax: 866-365-3874
adam@hebbardlaw.com

*Attorney for Legacy Housing, LP*

Mr. Ben Hudson
Hudson and Marshall, Inc.
10761 Estes Road
Macon, Georgia   31210
kellychoate@bellsouth.net

Frank Adam Nelson, Esq.
Fleming & Nelson LLP
631 Ronald Reagan Drive, Suite 201
P.O. Box 2208
Evans, GA 30809
anelson@flemingnelson.com

*Attorney for Putnam County*

This 2nd day of May, 2016.

STOKES CARMICHAEL & ERNST LLP

| | | |
|---|---|---|
| 80 Peachtree Park Drive, NE | By: | */s/ Marion B. Stokes* |
| Atlanta, GA 30309-1320 | | Marion B. Stokes |
| Tel:   (404) 352-1465 | | Georgia Bar No. 683500 |
| Fax:   (404) 352-8463 | | Jordan S. Chrietzberg |
| SCE No. 14-01175 | | Georgia Bar No. 243942 |
| mbs@scelaw.com | | Attorneys for Plaintiff |
| jsc@scelaw.com | | |